The Honorable Andrew J. Ziser Prosecuting Attorney Fourth Judicial District Fayetteville Courthouse Fayetteville, AR 72701
Dear Mr. Ziser:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. § 25-19-101 et seq. Your question pertains, specifically, to the public meetings requirement. A.C.A. §25-19-106. You have set forth the following facts as forming the basis for your question:
 Two elected members of the Fayetteville City Board of Directors and two city employees met with several city residents to discuss a proposed street widening project that affected those residents. No notice was given to the press concerning this meeting.
You have asked whether the press should be notified of such a meeting under the FOIA. You have also asked for guidance on what constitutes a public meeting under the FOIA, thereby requiring notice to be given.
It is my opinion that the meeting in all likelihood falls within the FOIA. The time and place of such a meeting should, therefore, be furnished to anyone who requests the information. A.C.A. §25-19-106(b)(2).
Section 25-29-106(a) states that unless otherwise specifically provided by law, "all meetings, formal or informal, special or regular, of the governing bodies of all municipalities . . . shall be public meetings.[1] Although the precise facts set forth in your request have not been addressed by the Arkansas Supreme Court, it is my opinion that significance must be attached to the following statement in the case of El DoradoMayor v. El Dorado Broadcasting Co., 260 Ark. 821,544 S.W.2d 206 (1976):
 We can think of no reason for the Act specifying its applicability to informal meetings . . . unless it was intended to cover informal but unofficial group meetings for the discussion of governmental business as distinguished from those contacts by the individual members that occur in the daily lives of every public official.
Id. at 824.
The El Dorado Broadcasting case involved a conference attended by the mayor, four of the city's eight aldermen, the city attorney, and a U.S. Department of Justice representative. It thus seems clear that the court perceives the open meetings requirement as extending to a meeting of less than a quorum of the governing body. Of additional significance, in my opinion, is the court's reference to the trial court's order as applying to:
 any group meeting called by the mayor or any member of the city council at which members of the city council, less in number than a quorum meet for the purpose of discussing or taking any action on any matter on which foreseeable action will be taken by the city council.
Id.
The court did also state, in its review of the trial court's order, that it did not interpret that order as applying the FOIA to a "chance meeting or even a planned meeting of any two members of the city council." Id. Read as a whole, however, taking into account the court's emphasis upon "meetings for the discussion of governmental business," it is my opinion that the number of members attending a meeting is not dispositive.[2] This is consistent with, and perhaps foreseeable following the court's decision in Arkansas Gazette Co. v. Pickens, 258 Ark. 69,522 S.W.2d 350 (1975), in which the Arkansas Supreme Court rejected the contention that a committee of a board is not subject to the FOIA, stating:
 [T]he conclusion which we have reached in this case . . . is not in any manner predicated upon the number of board members constituting the Student Affairs Committee, and our decision would be the same if that committee were composed of a lesser number.
258 Ark. at 73.
The court in Pickens emphasized the policy statement in the FOIA that "public business be performed in an open and public manner." Id. at 74, citing A.C.A. § 25-19-102 (emphasis original). Reference was also made in that decision to the potential for evasion of the FOIA through closed committee meetings. Id. at 75. A similar concern was expressed in ElDorado Broadcasting with respect to informal pre-meeting conferences. 260 Ark. at 823, citing Sacramento County Boardof Supervisors, 69 Cal. Rptr. 480, 263 Cal.App.2d 41 (1968).
It is my opinion that this concern would in all likelihood compel the court to refuse to draw a line based on numbers where, as it appears from the facts presented in this instance, two city board members met to discuss a matter that will foreseeably be acted upon by the board of directors. The potential for abuse through successive meetings of two members prior to board action is apparent. Notice should, in my opinion, be given of the meeting in this instance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We cannot undertake, in the context of this opinion, a thorough discussion of what constitutes a "public meeting" with respect to all of the various entities outlined in §25-19-106(a). This subsection applies to "all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds. . . ." Reference may be made to Watkins, Open Meetings Under the Arkansas Freedom of InformationAct, 38 Ark. L. Rev. 268 (1984) for a comprehensive review of the public meetings provision of the FOIA. It should also be noted that the Office of the Attorney General is currently in the process of developing a new FOIA handbook, which should be available for dissemination within the next few months.
[2] The use of the term "meeting," however, appears to contemplate more than one member in attendance. See Watkins,supra note 1, at 301-302.